# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50951

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2017

Lyle W. Cayce
Clerk

JUAN SOLIS,

Plaintiff-Appellant

v.

FREDERICK M. GATSON; BARBARA J. BRACKENS; REGISTERED NURSE JOHN DOE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:13-CV-375

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Solis, Texas prisoner # 1269936, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. He has also filed motions to supersede the IFP motion, supplement the motion to supersede the IFP motion, and amend the brief in support of the IFP motion. The district court denied Solis's motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50951

proceed IFP and certified pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A) that the appeal was not taken in good faith.

By moving to proceed IFP, Solis is challenging the district court's certification that the instant appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). In evaluating whether the appeal is taken in good faith, the relevant inquiry is "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

With the benefit of liberal construction, Solis argues that his § 1983 complaint alleged an actionable constitutional violation, namely that the defendants were deliberately indifferent to his serious medical needs by denying and/or delaying medical treatment for his injuries. However, his disagreement with the type and timing of medical treatment is insufficient to demonstrate deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Furthermore, Solis's assertion that the district court abused its discretion in denying his motions to file a second and third amended complaint is unavailing. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 391 (5th Cir. 2005) (noting that a permissible basis for the denial of a motion to amend is futility of amendment).

Solis has not shown that he will present a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 219. Accordingly, Solis's motions to supersede the IFP motion, supplement the motion to supersede the IFP motion, and amend the brief in support of the IFP motion are GRANTED, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d 202 & n.24; 5TH CIR. R. 42.2.

No. 16-50951

The dismissal of the complaint by the district court and the dismissal of this appeal both count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Solis is warned that, if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).